**LANDMAN CORSI BALLAINE & FORD P.C.**
**One Gateway Center, Fourth Floor**
**Newark, New Jersey 07102-5388**
**(973) 623-2700**
**Attorneys for Plaintiff Twin City Fire Insurance Company**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| TWIN CITY FIRE INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>OVATION FUND SERVICES, LLC<br><br>Defendant. | ) | CASE NO. ____________ |

**TWIN CITY FIRE INSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Twin City Fire Insurance Company ("Twin City"), One Hartford Plaza, Hartford, CT 06155, for its Complaint for Declaratory Judgment against Ovation Fund Services, LLC ("Ovation"), 60 Columbia Rd, Morristown, NJ 07960, alleges on knowledge, information and belief as follows:

**Nature of the Action**

1. Twin City brings this action to obtain a judicial determination and declaration that Policy No. 13 SBA I07327 (the "Policy") issued by Twin City to Ovation does not afford coverage for a demand against Ovation on the grounds identified below. A true and correct copy of the Policy is attached as Exhibit A.

2. Ovation sought coverage from Twin City under the Policy for a demand made on Ovation (the "Paladin Demand") by one of its clients, Paladin Realty Partners, LLC ("Paladin"). The Paladin Demand arises from alleged negligence by Ovation in



4820-7342-6808v.1

wiring Paladin funds to an email hacker that hacked into the email account of a Paladin employee. The hacker then sent fraudulent emails to Ovation, posing as a Paladin employee, and requesting the transfer of funds. A true and correct copy of the July 24, 2018 Paladin Demand letter is attached as Exhibit B.

3. In this action, Twin City seeks a judicial declaration that no coverage is available for the Paladin Demand pursuant to two exclusions in the Policy that each serve as an independent bar to coverage, including a duty to defend or indemnify Ovation.

a. First, Exclusion 13 of the Policy's Professional Services Coverage Part bars coverage for any Claim "for, based upon, arising from or in any way related to . . . the investment, conversion, misappropriation, or comingling of the assets of others." The Paladin Demand arises from the email hacker's conversion or misappropriation of assets of Paladin. Accordingly, no coverage is available for the Paladin Demand pursuant to Exclusion 13.

b. Second, Exclusion 21 of the Policy's Professional Services Coverage Part bars coverage for any Claim "for, based upon, arising from or in any way related to any actual or alleged negligent act, error or omission committed in connection with the performance or failure to perform 'professional services' which results in or from any of the following: . . . d. the gaining of access to an entity's information utilized in e-commerce, e-mail and file transfers, by any person who is not authorized to gain such access." The Paladin Demand arises from acts, errors or omissions

committed by Ovation in connection with its performance of or failure to perform professional services resulting from the email hacker's unauthorized gaining of access to Paladin's e-mail information. Accordingly, no coverage is available for the Paladin Demand pursuant to Exclusion 21.

4. An actual and justiciable controversy has arisen and now exists relating to the parties' respective rights, duties, and obligations under the Policy.

**Parties**

5. Plaintiff Twin City Fire Insurance Company is a corporation organized under the laws of Indiana with its principal place of business in Hartford, Connecticut.

6. Defendant Ovation Fund Services, LLC is a limited liability company organized and existing under the laws of New Jersey with its principal place of business in Morristown, New Jersey. According to filings with the New Jersey Department of the Treasury, Division of Revenue and Enterprise Services, Ovation has two members, Scot Hadley and Kristen Hadley, both of whom are residents of Morristown, New Jersey.

**Jurisdiction and Venue**

7. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rules of Civil Procedure Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

8. This action is currently ripe for adjudication.

9. The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties. In addition, the amount in controversy exceeds $75,000, exclusive of interest and costs. Ovation seeks coverage

under the Policy for a claim in which Paladin seeks to hold Ovation responsible for over $700,000.

10. Venue is proper in this court pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to this dispute occurred in this District.

## FACTUAL ALLEGATIONS

### The Paladin Demand

11. Ovation provides finance, operations, and administrative functions to its clients, including Paladin, a real estate investment management company.

12. On April 23, 2018, Ovation received several emails purportedly from Paladin employees requesting that Ovation wire a specified amount from Paladin's Bank of America account for an invoice attached to one of the emails. Ovation executed the wire transfer in accordance with the request.

13. On June 11, 2018, Ovation received a similar request for an additional wire transfer, which Ovation likewise executed.

14. On July 10, 2018, Ovation received another similar request. At that point, Ovation contacted another individual at Paladin to confirm the veracity of the requests. The Paladin point of contact advised Ovation that none of the three requests came from Paladin.

15. On July 24, 2018, Ovation received the Paladin Demand letter, whereby Paladin alleges that an email hacker gained unauthorized access to the email account of a Paladin employee, studied the emails to learn the process by which Ovation pays Paladin's bills, and then sent the fraudulent wire transfer requests to Ovation from fake email accounts designed to appear as if from Paladin employees.

16. The Paladin Demand alleges that Ovation should have gone to greater

efforts to confirm the veracity of the emails. The Paladin Demand seeks to hold Ovation responsible for Paladin's losses as a result of the email hacker's misappropriation of Paladin's funds.

**The Policy**

17. Twin City issued the Policy to Ovation for the Policy Period from July 1, 2018 to July 1, 2019. The Policy's Professional Liability Coverage Part has limits of liability of $2 million per Claim and in the aggregate. Policy, Professional Liability Coverage Part, Declarations.

18. Subject to the Policy's terms, conditions, and exclusions, the Professional Liability Coverage Part generally provides coverage, in relevant part, for Damages and Claims Expenses for Claims first made against the Insureds during the Policy Period that arise out of a Wrongful Act. *Id.*, Section I.

19. Exclusion 13 of the Policy's Professional Services Coverage Part states:

> We shall not pay "damages" or "claims expenses" in connection with any "claim":
>
> **13**. for, based upon, arising from or in any way related to the gaining in fact of any personal profit or advantage to which the "insured" is not legally entitled; or the investment, conversion, misappropriation, or comingling of assets of others.

*Id.*, Section IX.13.

20. Exclusion 21 of the Policy's Professional Services Coverage Part states:

> We shall not pay "damages" or "claims expenses" in connection with any "claim":
>
> **21**. for, based upon, arising from or in any way related to any actual or alleged negligent act, error or omission committed in connection with the performance or failure to perform "professional services" which results in or from any of the following:
>
> . . .

> **d**. the gaining of access to an entity's information utilized in e-commerce, e-mail and file transfers, by any person who is not authorized to gain such access.

*Id.*, Section IX.21.

21. By letter of August 17, 2018, Twin City denied coverage for the Paladin Demand under the Policy pursuant to Exclusion 13, and Twin City reserved the right to deny coverage based on Exclusion 21. A true and correct copy of Twin City's August 17, 2018 letter is attached as Exhibit C.

22. By letter of September 10, 2018, counsel for Ovation responded to Twin City's August 17 letter, disputing Twin City's coverage position. A true and correct copy of the September 10, 2018 letter is attached as Exhibit D.

## COUNT I

### For A Declaration That There Is No Coverage Under the Policy for The Paladin Demand Pursuant to Exclusion 13

23. Twin City realleges and incorporates by reference the allegations of Paragraphs 1 through 22 of this Complaint.

24. As set forth above, Exclusion 13 of the Policy states that no coverage is available under the Policy for any Claim for, based upon, arising from or in any way related to the investment, conversion, misappropriation, or comingling of the assets of others.

25. The Paladin Demand is a Claim that arises from the email hacker's conversion or misappropriation of Paladin's assets.

26. Accordingly, Exclusion 13 bars coverage for the Paladin Demand, and Twin City is entitled to a judgment declaring that it has no duty to defend or indemnify Ovation under the Policy for the Paladin Demand.

## COUNT II

**For A Declaration That There Is No Coverage Under the Policy for the Paladin Demand Pursuant to Exclusion 21**

27. Twin City realleges and incorporates by reference the allegations of Paragraphs 1 through 22 of this Complaint.

28. As set forth above, Exclusion 21 of the Policy states that no coverage is available for any Claim for, based upon, arising from or in any way related to any actual or alleged negligent act, error or omission committed in connection with the performance or failure to perform Professional Services which results in or from the gaining of access to an entity's information utilized in e-commerce, e-mail and file transfers, by any person who is not authorized to gain such access.

29. The Paladin Demand arises out of alleged acts, errors or omissions by Ovation in failing properly to perform its professional duties to Paladin when the email hacker gained unauthorized access to Paladin's emails.

30. Accordingly, Exclusion 21 bars coverage for the Paladin Demand, and Twin City is entitled to a judgment declaring that it has no duty to defend or indemnify Ovation under the Policy for the Paladin Demand.

## PRAYER FOR RELIEF

WHEREFORE, Twin City requests that the Court enter judgment in its favor, and more specifically:

A. Enter judgment declaring that, for the reasons stated in Count I, Exclusion 13 bars coverage for the Paladin Demand, and thus Twin City has no duty to defend or indemnify Ovation for the Paladin Demand,

B. Enter judgment declaring that, for the reasons stated in Count II, Exclusion 21 bars coverage for the Paladin Demand, and thus Twin City has no duty to defend or indemnify Ovation for the Paladin Demand,

C. Award Twin City all other relief to which it may be entitled.

Dated: October 12, 2018

By: ______________________
Gerald T. Ford, Esq.
Landman Corsi Ballaine & Ford, P.C.
One Gateway Center
Fourth Floor
Newark, NJ 07102
Telephone: (973) 623-2700
Fax: (973) 623-4496

***Of Counsel***:
David H. Topol, Esq.
Karen L. Toto, Esq.
WILEY REIN LLP
1776 K Street, N.W.,
Washington, D.C. 20006-1040
Telephone: (202) 719-7000
Fax: (202) 719-7049
dtopol@wileyrein.com
ktoto@wileyrein.com

*Counsel for Plaintiff Twin City Fire Insurance Company*

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

The undersigned attorney of record for Plaintiff Twin City Fire Insurance Company does hereby certify upon information and belief that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Gerald T. Ford
*Counsel for Plaintiff Twin City Fire Insurance Company*