NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, | : | **Civil Action No. 18-14944 (SRC)** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| OVATION FUND SERVICES, LLC, | : | |
| | : | |
| Defendant/Counterclaimant/Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BIS IMPROVED INSURANCE AGENCY, | : | |
| | : | |
| Third-Party Defendant. | : | |

**CHESLER**, District Judge

This matter comes before the Court upon the filing by Third-Party Defendant, BIS Improved Insurance Agency ("BIS"), on a motion to sever and stay the third-party action under Fed. R. Civ. P. 21. Defendant/Counterclaimant/Third-Party Plaintiff, Ovation Fund Services, LLC ("Ovation") opposes this motion. The Court has reviewed the parties' submissions and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b).  For the reasons that follow, the Court will deny BIS's motion to sever and stay the third-party action.

I.    **BACKGROUND**

A.  **UNDERLYING FACTUAL BACKGROUND & PROCEDURAL HISTORY**

Ovation provides "finance, operations, and administrative functions to clients," including Paladin Realty Partners, LLC, ("Paladin") a real estate investment company. Compl. ¶ 11. On

1

April 23 2018, and June 10, 2018, Ovation received emails with attached invoices from a purported Paladin employee. Id. ¶¶ 12-13. The emails requested wire transfers from Paladin's bank account. Ovation executed both requested wire transfers. Id. On July 10, 2018, Ovation received a third email invoice and wire transfer request. Id. ¶ 14. Upon receiving this third request, Ovation contacted another Paladin employee to confirm its authenticity— and was informed that the request was false. In fact, at that time, Paladin informed Ovation that none of these three wire transfer requests had come from a Paladin employee. Id.

On July 24, 2018, Ovation received a demand letter from Paladin (the "Paladin Demand"). According to the Paladin Demand, an internal investigation had revealed that the emails to Ovation had been sent from a fake email account by an alleged hacker purporting to be a Paladin employee. Id. ¶ 15. The Paladin Demand asserted that Ovation had been negligent in failing to verify the April and June 2018 invoice requests before wiring Paladin's funds to the fraudulent account, and sought "to hold Ovation responsible for Paladin's losses as a result of the email hacker's misappropriation of Paladin's funds." Id. ¶ 16.

Pursuant to the Paladin Demand, on July 26, 2018, Ovation sought coverage from Plaintiff Twin City Fire Insurance Company ("Plaintiff" or "Twin City") under Policy No. 13 SBA I07327 (the "Policy"), issued by Twin City to Ovation, effective July 1, 2018 to July 1, 2019. Compl. ¶ 17.[1] On August 17, 2018, Twin City denied coverage to Ovation for the Paladin

---

[1] The Policy was in fact originally procured for Ovation by BIS effective July 1, 2017 and renewed effective July 1, 2018. Third-Party Compl. ¶¶ 4-6.

Demand pursuant to Exclusion 13.[2] The denial letter further asserted that Twin City reserved the right to deny coverage based on Exclusion 21.[3] Id. ¶ 21.

Accordingly, on October 12, 2018, Twin City filed a Complaint for Declaratory Judgment against Ovation, seeking a judicial determination that the Policy issued by Twin City to Ovation does not afford coverage. Specifically, Twin City seeks a declaration that it is has no duty to defend or indemnify Ovation, and that no coverage is available to Ovation for the Paladin Demand, pursuant to Exclusions 13 and 21 of the Policy.

On December 21, 2018, Ovation filed an Amended Answer, Counterclaim for Declaratory Judgment, and Third-Party Complaint against BIS, the insurance brokers who obtained the professional liability and business owner's liability policy coverage for Ovation. The Third-Party Complaint against BIS is essentially a professional liability action, alleging that if Ovation is denied coverage, BIS breached its duties to Ovation. The Third-Party Complaint states that should the exclusions apply to prevent coverage of the Paladin Demand, "same is due to the breach of the duty owed by BIS to Ovation to exercise good faith and reasonable skill in

---

[2] Exclusion 13 of the Policy's Professional Liability Coverage Form bars coverage for any claim:

> for, based upon, arising from or in any way related to the gaining in fact of any personal profit or advantage to which the "insured" is not legally entitled; or the investment, conversion, misappropriation, or comingling of the assets of others.

ECF No. 1-2, Ex. A (Policy) at 175.

[3] Exclusion 21 of the Policy's Professional Liability Coverage Form bars coverage for any claim:

> for, based upon, arising from or in any way related to any actual or alleged negligent act, error or omission committed in connection with the performance or failure to perform 'professional services' which results in or from any of the following:
>     . . . .
>     d. the gaining of access to an entity's information utilized in e-commerce, e-mail and file transfers, by any person who is not authorized to gain such access.

ECF No. 1-2, Ex. A (Policy) at 176.

advising Ovation of the coverage it required and to exercise diligence in obtaining coverage in the areas Ovation sought to be protected." Third-Party Compl. ¶ 11.

## B. BIS's MOTION TO SEVER AND STAY THE THIRD-PARTY ACTION

In the instant motion, BIS requests that the Court enter an Order severing and staying all discovery in the third-party action against it, pending the outcome of the Declaratory Judgment Action. BIS argues that because the Declaratory Judgment action is a coverage suit, while the Third-Party Complaint is a professional liability action for alleged professional malpractice, the claims are "decidedly different" and therefore should be severed. ECF No. 20 at 5. Accordingly, BIS seeks to sever and stay discovery in the third-party action under Fed. R. Civ. P. 21, pending the outcome of Plaintiff's Declaratory Judgment action against Ovation. Ovation opposes this motion and argues that "[t]he same questions of law and fact will pervade both actions." ECF No. 19 at 3.

## II. DISCUSSION

"A district court has inherent power to 'control the disposition of cases on its docket with economy of time and effort for itself, for counsel and for litigants.'" United States v. Kramer, 770 F. Supp. 954, 957 (D.N.J. 1991) (quoting Landis v. North Am. Co., 299 U.S. 248, 254 (1936)). "Fed. R. Civ. P. 21 permits 'any claim against a party [to] be severed and proceeded with separately.'" Rodin Props.-Shore Mall, N.V. v. Cushman & Wakefield, Inc., 49 F. Supp. 2d 709, 720 (D.N.J. 1999). Moreover, Fed. R. Civ. P. 14 provides that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). "The purpose of Rule 14(a) is to avoid circularity of action and multiplicity of litigation." Spencer v. Cannon Equip. Co., 2009 U.S. Dist. LEXIS 55370, at *2 (D.N.J. June 29, 2009) (internal citations omitted).

"Severing claims under Rule 21 is appropriate where the claims to be severed are 'discrete and separate' in that one claim is 'capable of resolution despite the outcome of the other claim.'" Riverview Towers Apartment Corp. v. QBE Ins. Corp., No. 14-6744 (JBS/JS), 2015 U.S. Dist. LEXIS 57100, at *3 (D.N.J. Apr. 17, 2015) (citation omitted). "Courts consider the same factors in deciding a motion to sever under Rule 21 as they do in resolving a motion to bifurcate under Rule 42(b)." Mulgrew v. Gov't Emples. Ins. Co., No. 3:16-CV-02217, 2017 U.S. Dist. LEXIS 167770, at *3 (M.D. Pa. Oct. 11, 2017) (citations omitted).

> The factors courts consider in determining whether severance is warranted include: "(1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting severance will be prejudiced if it is not granted."

Riverview Towers Apartment Corp., No. 14-6744 (JBS/JS), 2015 U.S. Dist. LEXIS 57100, at *3-4 (quoting Picozzi v. Connor, C.A. No. 12-4102 (NLH), 2012 U.S. Dist. LEXIS 95129, at *6 (D.N.J. July 9, 2012)).

BIS argues that severance and stay of the Third-Party Complaint will promote judicial economy and the convenience of the parties and would not prejudice or "inflict injury" upon Ovation. It additionally contends that "if a severance and stay is not granted, it will be necessary to proceed with litigation in the third party action which would make no sense," and that "the parties in the third party action should not be required to engage in costly discovery [regarding the professional liability claims], including expert discovery while this Declaratory Judgment action is pending." ECF No. 18-3 at 7. This Court disagrees.

Despite BIS's claims to the contrary, a severance and stay of the third-party action in this case would be inappropriate. Indeed, both the convenience of the parties and judicial economy weigh against severing and staying the third-party action. While the two claims may present

separate and distinct legal issues, as BIS contends, the pertinent facts underlying the Declaratory Judgment action and the third-party claims are clearly interrelated, and, at a minimum, involve what the Policy language covers and excludes, as well as what the insurance broker believed was being covered and excluded by the Policy. This factual analysis is therefore much more appropriately done jointly, as the broker's conduct in procuring the Policy and the resulting policy coverage, or lack thereof, did not occur in a vacuum. Plaintiff's Declaratory Judgment action is thus indisputably intertwined with Ovation's third-party professional liability action. To sever and stay the third-party action until the Declaratory Judgment claim is resolved would only serve to delay the resolution of these claims and cause inefficiencies and increased cost for the parties. Nor has BIS shown it would suffer any prejudice if the third-party action proceeded through discovery simultaneously with the Declaratory Judgment action. The interests of efficiency and judicial economy are instead best served by continuing discovery in both matters, so that the Court is not forced to separately consider what the Policy as written actually covers, and what the insurance broker reasonably believed regarding the insurance policy coverage he or she was procuring. These interests of efficiency and judicial economy outweigh any benefits of severing and staying the third-party claims, particularly where discovery regarding the underlying facts and evidence overlaps between Ovation's professionally liability claim and Plaintiff's Declaratory Judgment action on the question of coverage. Accordingly, this Court finds that it would be more efficient for the Court and the parties for all discovery related to Plaintiff's claims and the third-party claims to be conducted simultaneously, and that severance is unwarranted.

**III.    CONCLUSION**

For the foregoing reasons, the Court will deny BIS's motion to sever and stay the third-party action. An appropriate Order will be filed.

                                            ____s/ Stanley R. Chesler____
                                            STANLEY R. CHESLER
                                            United States District Judge

Dated: March 20, 2019